**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 07 2020

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**SONOBIA PARKER, Individually and on Behalf of All Others Similarly Situated**                                         **PLAINTIFF**

vs.                                        No. 3:20-cv-5-DPM

**MAVERICK TUBE CORPORATION**                           **DEFENDANT**

This case assigned to District Judge Marshall
and to Magistrate Judge Kearney

**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

COMES NOW Plaintiff Sonobia Parker ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Tess Bradford and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint against Defendant Maverick Tube Corporation ("Defendant"), she states and alleges as follows:

### I.  PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty (40) per week.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II.   JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. Defendant conducts business in this District and a substantial part of the records of the violations alleged herein are in this District.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7. Plaintiff was employed by Defendant at Defendant's plant located in Hickman. Therefore, the acts alleged in this Complaint had their principal effect within the Northern Division of the Eastern District of Arkansas, and venue is proper in this court pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff is a citizen and resident of Mississippi County.

10. Plaintiff was hired by Defendant as an hourly employee at Defendant's welded pipe plant during the three years preceding the filing of this Complaint.

11. At all material times, Plaintiff was entitled to the rights, protection, and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*

12. Defendant does business as Tenaris Hickman.

13. Defendant is a foreign for-profit corporation registered to do business in Arkansas.

14. Defendant's registered agent for service is CT Corporation System, located at 425 West Capitol Avenue, Little Rock, Arkansas 72201.

15. During each of the three years preceding the filing hereof, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods therefor, or had employees handling, selling or otherwise working on goods or materials that were moved in or produced for commerce by any person.

16. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

17. Within the past three (3) years preceding the filing of this Complaint, Defendant continuously employed at least four employees, including Plaintiff.

18. Defendant is an "employer" within the meaning set forth in the FLSA, 29 U.S.C. § 203(d), and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer and was engaged in interstate commerce as that term is defined under the FLSA and AMWA.

### IV.   FACTUAL ALLEGATIONS

19. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

20.     During Plaintiff's employment, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA and paid Plaintiff an hourly wage.

21.     Defendant employed Plaintiff as an hourly-paid worker from January of 2019 until September of 2019.

22.     Plaintiff worked as an auxiliary rope hanger, which duty was part of the assembly line that made up Defendant's plant.

23.     Plaintiff and other hourly-paid employees worked in excess of forty (40) hours per week on a regular, typical basis while working for Defendant.

24.     In addition to the hourly rate, Plaintiff and similarly situated employees were eligible for and received non-discretionary bonuses based on both personal attendance as well as the overall profitability of the company.

25.     These nondiscretionary bonuses were a form of compensation to Plaintiff and similarly situated employees.

26.     During weeks in which Plaintiff and similarly situated employees worked for over forty (40) hours in a workweek and received a nondiscretionary bonus, Defendant paid an improper overtime rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the nondiscretionary bonuses that Defendant provided to Plaintiff and similarly situated employees.

27.     Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

28.     Therefore, Defendant violated the FLSA by not including all forms of compensation, such as the nondiscretionary bonuses, in the regular rate when calculating Plaintiff's and similarly situated employees overtime pay.

29.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.     COLLECTIVE ACTION ALLEGATIONS

30.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

31.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

32.     Plaintiff brings her FLSA claim on behalf of all other hourly-paid employees who were employed by Defendant at any time within the applicable statute of limitations period, who received nondiscretionary bonuses, and who were classified by Defendant as non-exempt from the overtime requirements of the FLSA, and who are entitled to payment of the following types of damages:

A.     Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

B.     Liquidated damages; and

C.     Attorney's fees and costs.

33.     The relevant time period dates back three (3) years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

34.     The members of the proposed FLSA Collective are similarly situated in

that they share these traits:

A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly rates;

C. They received nondiscretionary bonuses; and

D. They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per week.

35. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds two hundred (200) persons.

36. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action Plaintiff are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for FLSA Violation)

37. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

38. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

39. Defendant classified Plaintiff as non-exempt from the overtime

requirements of the FLSA.

40. Defendant violated 29 U.S.C. § 207 by not paying Plaintiff a proper overtime rate of compensation for all hours worked in excess of forty (40) per workweek.

41. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, including nondiscretionary bonuses, for Plaintiff in her regular rate when calculating her overtime pay.

42. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

43. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

44. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violation)

45. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

46. Plaintiff brings this collective action on behalf of herself and all similarly situated employees to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for overtime compensation for all the hours she and they worked in excess of forty (40) each week.

47.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

48.     Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as nondiscretionary bonuses, given to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

49.     In the past three years, Defendant has employed more than two hundred (20) hourly-paid employees who received nondiscretionary bonuses.

50.     Upon information and belief, Plaintiff and all or almost all similarly situated employees regularly worked more than forty (40) hours in a week.

51.     Upon information and belief, Defendant failed to pay these workers at the proper overtime rate.

52.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in collective may be properly defined as:

> **All hourly-paid employees within the three (3) years preceding the filing of the Complaint, to whom Defendant gave nondiscretionary bonuses attributable, at least in part, to any week in which the employee worked more than forty (40) hours.**

53.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

54.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly

situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

55. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided for by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for AMWA Violation)

56. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

57. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the AMWA.

58. At all relevant times, Plaintiff has been an "employee" of Defendant, as defined by Ark. Code Ann. § 11-4-203(3).

59. At all relevant times, Defendant was an "employer" of Plaintiff as defined by Ark. Code Ann. § 11-4-203(4).

60. Defendant failed to pay Plaintiff a proper overtime premium for all hours worked over forty (40) per week.

61. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

62. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at

least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

63. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Ark. Code Ann. § 11-4-218.

64. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, she is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Sonobia Parker respectfully prays that Defendant Maverick Tube Corporation be summoned to appear and to answer herein as follows:

A. That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and the members of the putative class and all monies paid to them;

B. A declaratory judgment that Defendant's practices violate the FLSA and the AMWA and their attendant regulations;

C. Judgment for damages for all unpaid overtime compensation under the FLSA and the AMWA and their attendant regulations;

D. Judgment for liquidated damages pursuant to the FLSA and the AMWA and their attendant regulations;

  E. An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

  F. Such other and further relief as this Court may deem just and proper.

            Respectfully submitted,

            **SONOBIA PARKER, Individually and on Behalf of all Others Similarly Situated, PLAINTIFF**

            SANFORD LAW FIRM, PLLC
            ONE FINANCIAL CENTER
            650 S. SHACKLEFORD SUITE 411
            LITTLE ROCK, ARKANSAS 72211
            TELEPHONE: (501) 221-0088
            FACSIMILE: (888) 787-2040

            /s/ Tess Bradford
            Tess Bradford
            Ark. Bar No. 2017156
            tess@sanfordlawfirm.com

            /s/ Josh Sanford
            Josh Sanford
            Ark. Bar No. 2001037
            josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**SONOBIA PARKER, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.     No. 3:20-cv-5-DPM

**MAVERICK TUBE CORPORATION**     **DEFENDANT**

### CONSENT TO JOIN COLLECTIVE ACTION

     I was employed as an hourly-paid worker for Maverick Tube Corporation within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>unpaid wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**SONOBIA PARKER**

January 7, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**